Mr. Richard R. Michelson City Attorney City of Lauderhill Suite 200 7101 West McNab Road Tamarac, Florida 33321 Attention: Ms. Lisa N. Hodapp Assistant City Attorney
Dear Mr. Michelson:
You ask substantially the following question:
 Is the fire chief of a municipality covered by the provisions of the "Firefighters' Bill of Rights," Part VIII, Ch. 112, F.S.
In sum, I am of the opinion that:
 If the fire chief is certified in accordance with s. 633.35, F.S., and is employed solely within the fire department or public safety department of the municipality as a full-time firefighter whose primary responsibility is the prevention and extinguishment of fires, the protection of life and property, and the enforcement of the fire prevention codes and laws pertaining to the prevention and control of fires, then the fire chief would be covered by Part VIII, Ch. 112, F.S.
Part VIII, Ch. 112, F.S., creates the "Firefighters' Bill of Rights," establishing certain rights for firefighters. Adopted in 1986,[1] the act is similar to the Policemen's Bill of Rights.[2]
Section 112.81(1), F.S., defines "[f]irefighter" for purposes of the act to mean:
 [A]ny person who is certified in compliance with s. 633.35
and who is employed solely within the fire department or public safety department of an employing agency as a full-time firefighter whose primary responsibility is the prevention and extinguishment of fires; the protection of life and property; and the enforcement of municipal, county, and state fire prevention codes and laws pertaining to the prevention and control of fires.
Unlike the Policemen's Bill of Rights, however, s. 112.81(1), F.S., in defining "firefighter" does not expressly exclude the fire chief.[3] My review of the legislative history surrounding the enactment of Part VIII, Ch. 112, F.S., failed to reveal any evidence of legislative intent as to why fire chiefs, unlike police chiefs for law enforcement officers, were not excluded from the definition of firefighters.
You have not provided this office with any description of the duties or responsibilities of the fire chief. As set forth above, "firefighter" is specifically defined for purposes of the act to include those individuals who are certified in accordance with s.633.35, F.S., and are employed full time as firefighters whose primary responsibility is the prevention and extinguishment of fire, the protection of life and property and the enforcement of local and state codes pertaining to the prevention and control of fires. To the extent that the fire chief falls within the above definition, it appears that he would be included within the rights and guarantees afforded firefighters under the act.[4]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 1, Ch. 86-6, Laws of Florida.
[2] See, Part VI, Ch. 112, F.S., establishing a bill of rights for law enforcement and correctional officers.
[3] See, s. 112.531(1), F.S., defining "[l]aw enforcement officer" to mean "any person, other than a chief of police, who is employed full time by any municipality or the state or any political subdivision thereof and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of the state." (e.s.)
[4] Compare, s. 633.382(1)(c), F.S. (1988 supp.), defining "Firefighter" for purposes of the supplemental compensation granted to firefighters to mean any person who is certified in compliance with s. 633.35, F.S., and who is employed solely within the fire department of the employing agency as a full-time firefighter whose primary responsibility is the extinguishment of fires. This office has been advised by the Department of Insurance which is responsible for determining eligibility that fire chiefs are included within the above definition.